| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Crystle Jane Lindsey (SBN 281944)<br>LAW OFFICE OF CRYSTLE JANE LINDSEY<br>1850 Whitley Ave., #411, Los Angeles, CA 90028<br>Phone: (310) 882-1863; Fax: (213) 784-9829<br>Email: crystle@cjllaw.com | |
| ○ *Respondent appearing without attorney*<br>● *Attorney for Respondent*: Debtor-in-possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA · LOS ANGELES DIVISION**

| In re:<br><br>DENISE LATRICE WHEELER<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-10597-BB<br>CHAPTER: 11<br><br>**RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT**<br><br>DATE: 11/27/2018<br>TIME: 10:00 am<br>COURTROOM: 1539<br>PLACE: United States Bankruptcy Court<br>255 E. Temple Street<br>Los Angeles, CA 90012 |
|---|---|

**Movant:** Center Street Lending Fund IV SPE, LLC, a Delaware limited liability company, its successors and/or assignees

**Respondent:**  ● Debtor   ○ trustee   ○ other:

> NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:
>
> A copy of the Response, exhibit(s) and declaration(s) must be served upon:
>
> (1) Movant's attorney (or Movant, if Movant does not have an attorney);
> (2) the trustee; and
> (3) the judge who presides over this bankruptcy case.
>
> Then the document must be filed with the court.

1. ☐ **NONOPPOSITION**
The Respondent does not oppose the granting of the Motion.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 1                              F 4001-1.RFS.RESPONSE

2. ☐ **LIMITED OPPOSITION**

   a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*): _____ and the reason for this request is (*specify*):

   b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

   The Debtor:
   (1) ◯ has no knowledge of the Property.
   (2) ◯ has no interest in the Property.
   (3) ◯ has no actual possession of the Property.
   (4) ◯ was not involved in the transfer of the Property.

   c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit _____.

3. ☒ **OPPOSITION:** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☐ The Motion was not properly served (*specify*):

   (1) ◯ Not all of the required parties were served.
   (2) ◯ There was insufficient notice of the hearing.
   (3) ◯ An incorrect address for service of the Motion was used for (*specify*):

   b. ☐ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:

   (1) ☐ The value of the Property is $ _____, based upon (*specify*):

   (2) ☐ Total amount of debt (loans) on the Property is $ _____.

   (3) ☐ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

   (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit _____.

   (5) ☒ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit A.

   (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit _____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit _____.

   (7) ☐ The Property is insured. Evidence of current insurance is attached as Exhibit _____.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 2    **F 4001-1.RFS.RESPONSE**

(8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.

(9) ☐ Respondent denies that this bankruptcy case was filed in bad faith.

(10) ☐ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.

(11) ☒ Other (*specify*):
Debtor wishes to pay Movant adequate protection payments to protect its interest in the Subject Property.

c. ☐ Respondent asserts the following as shown in the declaration(s) filed with this Response:

(1) ☐ The bankruptcy case was converted from chapter ___ to chapter ___.

(2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.

(3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments ○ are current, or ○ will be cured by the hearing date on this motion.

(4) ☐ The Debtor has equity in the Property in the amount of $ _____.

(5) ☐ Movant has an equity cushion of $ _____ or _____ % which is sufficient to provide adequate protection.

(6) ☒ The Property is necessary for an effective reorganization because (*specify*):
The Subject Property generates rental income in the amount of $3,500 per month. Debtor will also raise her tenants' rental amounts to generate an additional $1,000 for a total monthly rental income of $4,500

(7) ☒ The motion should be denied because (*specify*):
The Subject Property is necessary for effective reorganization as the rental income is necessary to fund Debtor's Chapter 11 plan of reorganization.

(8) ☐ An optional memorandum of points and authorities is attached in support of this Response.

4. **EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

☒ Declaration by the Debtor            ☒ Declaration by the Debtor's attorney
☐ Declaration by trustee               ☐ Declaration by trustee's attorney
☐ Declaration by appraiser             ☐ Other (*specify*):

Date: 11/13/2018

LAW OFFICE OF CRYSTLE JANE LINDSEY
Printed name of law firm for Respondent (if applicable)

Crystle Jane Lindsey
Printed name of individual Respondent or attorney for Respondent

/s/ Crystle Jane Lindsey
Signature of individual Respondent or attorney for Respondent

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Law Office of Crystle Jane Lindsey, 1850 Whitley Ave., #411, Los Angeles, CA 90028

A true and correct copy of the foregoing document described **RESPONSE TO NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 363** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **11/13/2018** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following p/erson(s) are on the Electronic Mail Notice List to receive NEF /transmission at the email address(es) indicated below:

Anthony O. Egbase former counsel of Debtor: info@aoelaw.com, sandy@ecf.inforuptcy.com; r54561@notify.bestcase.com
Crystle J. Lindsey on behalf of Debtor:  crystle@cjllaw.com
Kenneth G. Lau on behalf of the United States Trustee (LA):  Kenneth.g.lau@usdoj.gov
Kristin A. Zilberstein on behalf of the Interested Party:  kzilberstein@ghidottilaw.com
Michelle R Ghidotti on behalf of Center Street Lending Fund IV SPE, LLC, its Successors and Assigns mghidotti@ghidottilaw.com; ecfnotifications@ghidottilaw.com
Shiao-wen Huang on behalf of Lobel Financial Corp.
Dare Law on behalf of United States Trustee (LA):  dare.law@usdoj.gov
United States Trustee (SV):  ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On **11/13/2018** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor via U.S. Mail
Denise Latrice Wheeler
1191 1/2 West 38th Street
Los Angeles, CA 90037

Judge's Copy via U.S. Mail
Chambers of the Honorable Sheri S. Bluebond
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/13/2018 | Akira Hernandez | /s/ Akira Hernandez |
|---|---|---|
| Date | PRINT NAME | SIGN NAME |

# **DECLARATION OF CRYSTLE JANE LINDSEY**

I, Crystle Jane Lindsey, do hereby declare that all of the following is true and correct to the best of my personal knowledge, and if called upon as a witness, I could and would competently testify to the truthfulness of all of the below statements:

1. I am the attorney of record for Denise Latrice Wheeler, the debtor and debtor-in-possession (the "Debtor"), in the instant bankruptcy case, assigned Case No. 2:18-bk-10597-BB

2. I make this declaration in response to secured lender Center Street Lending Funding IV SPE, LLC's ("Movant") Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (the "Motion for Relief") (Docket No. 106).

3. On October 2, 2018, Debtor filed her Disclosure Statement and Chapter 11 Plan of Reorganization (Docket Nos. 97 and 98) and the hearing on the adequacy of Debtor's Disclosure Statement is scheduled for hearing on December 12, 2018.

4. The Subject Property currently generates $3,500.00 per in month in rental income, which is included in the projected income to fund Debtor's proposed Chapter 11 Plan attached as Exhibit "G" to Debtor's Disclosure Statement.

5. Debtor's Subject Property is necessary for effective reorganization because the rental income generated by the Subject Property is necessary to fund Debtor's proposed Chapter 11 Plan including payments to Movant and other secured creditors.

6. Debtor wishes to provide Movant with adequate protection payments in order to protect Movant's interest in the Subject Property during the pendency of Debtor's bankruptcy case.

Case 2:18-bk-10597-BB    Doc 110    Filed 11/13/18    Entered 11/13/18 23:54:42    Desc
Main Document    Page 6 of 6

7. Debtor is currently in discussions with her tenants to increase her rental income by $1,000.00 per month commencing in December 1, 2018 in order to generate additional income to fund her Chapter 11 Plan. Debtor shall file supplemental declarations of the new lease agreements prior to the hearing on the Motion for Relief.

8. In its Motion for Relief, Movant alleges that its secured claim has a current balance of $572,733.00. Debtor proposes to pay Movant its fully secured claim amortized over 30 years at 6.0%, which would bring total monthly payments of $3,433.82.

9. Based on the Subject Property's increase of rental income to $4,500.00, there is more than any enough income to provide Movant with its payments as well as taxes and insurance. Additionally, the Subject Property's rental income is necessary to fund Debtor's plan payments to other secured creditors including the Los Angeles County Tax Collector & Treasurer (Proof of Claim No. 1) and secured claims of two vehicles.

10. Debtor requests that the Court allow Debtor to provide Movant with adequate protection payments to protect its interest until confirmation hearing of Debtor's Plan.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Los Angeles, California.

Dated: 11/13/2018            /s/ Crystle Jane Lindsey
                             Crystle Jane Lindsey

DECLARATION OF CRYSTLE JANE LINDSEY IN RESPONSE TO MOTION FOR RELIEF